IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Colin Carpenter, ) | |
| ) | Civil Action No.: 8:15-cv-574-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| M. Travis Bragg, William Dunbar, Millard ) | |
| Grant, I. Williams, Thompson, ) | |
| United States of America, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge. (Dkt. No. 31). For the reasons below, this Court adopts the R & R as the order of the Court.

## I. Background

Plaintiff Colin Carpenter, a federal prisoner, filed a *pro se* complaint containing claims under *Bivens* and the Federal Tort Claims Act, 28 U.S.C. §§ 2671–80 ("FTCA"). Plaintiff alleges that on March 7, 2014, he was placed into a cell with an inmate who expressed that he did not want a cellmate and had previously assaulted another prisoner. (Dkt. No. 1-1 at 2). At around 2:45 A.M. on March 10, 2014, Plaintiff's cellmate punched him several times while he was in the top bunk. (*Id.* 3). Correctional officers then separated the two inmates, removing Plaintiff's cellmate from the cell. (*Id.*) Plaintiff saw medical staff at 7:30 A.M., at which point in time staff noted "contusion of face, scalp and neck except eye(s)." (*Id.*). Plaintiff's *pro se* complaint seeks declaratory judgment, compensatory and punitive damages, and injunctive relief against "double-celling" inmates. (Dkt. No. 1 at 7). He contends that (1) Defendants subjected him to unnecessary risk by handcuffing him when they transferred him into his new cell, (2)

1

Defendants delayed his access to medical care, and (3) Defendants failed to protect him from his cellmate.

Defendants filed a motion to dismiss, or in the alternative, a motion for summary judgment. (Dkt. No. 26). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge issued an R & R recommending that the court grant Defendants' motion to dismiss. Plaintiff filed no objections to the R & R.

## II. Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## III. Discussion

As mentioned above, Plaintiff alleges that Defendants were negligent, wrongful, and deliberately indifferent in their treatment of Plaintiff. More specifically, Plaintiff alleges that (1)

2

prison staff subjected him to safety risks when he was handcuffed and transferred to a cell with another prisoner on March 7, 2014, and (2) prison staff failed to protect him from the assault by his cellmate on March 10, 2014, and (3) prison staff was deliberately indifferent to his serious medical needs that arose from the March 10 assault by his cellmate. Because the Magistrate Judge thoroughly addressed each of the claims, the Court provides only an overview of the claims.

The Prison Litigation Reform Act requires prisoners to exhaust their administrative remedies before asserting claims in court. 42 U.S.C. § 1997e(a). In regard to his claim that Defendants were deliberately indifferent to a serious medical need, Plaintiff has failed to exhaust his administrative remedies. (Dkt. No. 26-7 at 3). Accordingly, this claim must be dismissed.

Plaintiff has exhausted his administrative remedies regarding the claims that (1) prison staff subjected him to safety risks when he was handcuffed and transferred to a cell with another prisoner on March 7, 2014, and (2) prison staff failed to protect him from the assault by his cellmate on March 10, 2014. However, he has failed to state a claim under the FTCA, and his *Bivens* claims do not survive summary judgment.

The FTCA serves as a limited waiver of sovereign immunity that allows plaintiffs to sue the United States for damages caused by certain species of Government employee torts. *See* 28 U.S.C. § 1346(a). Plaintiff alleges that Defendants were negligent in assigning his cell and failing to intervene, and the government contends that the Court lacks subject matter jurisdiction over these claims due to the discretionary function exception to sovereign immunity. The Court agrees with the government—the FTCA does not apply to "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government." 28 U.S.C. § 2680(a).

3

Turning next to his *Bivens* claims, Plaintiff has failed establish that there is a genuine issue of material fact that would give rise to a constitutional claim. He does not allege that Defendants knew of a specific risk to his safety. And although his complaint alleges that Defendants Grant and Williams failed to intervene during his assault "for an [un]necessary and prolonged period of time," Defendants Williams' and Grant's affidavits and Plaintiff's own account of the incident show that the incident was brief and quickly addressed. (*Compare* Dkt. No. 1-1 (noting that Defendants Grant and Williams had the inmate "cuff up" and removed him from the cell "[s]hortly thereafter"), *with* 26-4 (noting that the second time inmate was ordered to "submit to hand restraints" he complied), *and* 26-5 (same)). With nothing more than Plaintiff's conclusory allegations, there is nothing to support a claim for deliberate indifference. And because there is no underlying constitutional violation, Plaintiff's claims for failure to train and supervisor liability also fail as a matter of law. *Young v. City of Mt. Ranier*, 238 F.3d 567, 579 (4th Cir. 2001).

### IV. Conclusion

The Court has reviewed the R & R, the record, and the relevant legal authorities. The Court finds that the Magistrate Judge ably and promptly summarized the factual and legal issues and appropriately recommended that the action should be dismissed. Therefore, the Court **ADOPTS** the R & R as the order of this Court and **GRANTS** Defendants' Motion to Dismiss (Dkt. No. 26).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 1, 2016
Charleston, South Carolina

4